UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAVVAS LYKOUDIS,

    Plaintiff,

vs.                                                   Case No.: 8:11-cv-569-T-27TBM

BANKERS LIFE & CASUALTY COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is a motion to dismiss (Dkt. 4), in which Defendant argues that Plaintiff's claim is time-barred and fails to state a cause of action. Plaintiff has responded in opposition (Dkt. 9). Because the Court agrees that the statute of limitations bars the bulk of Plaintiff's claim, and the remaining portion fails to state a cause of action, the motion is GRANTED.

### Background

In December 1991, Lykoudis received a $75,975 check from his disability insurer, Bankers Life & Casualty Company, which constituted a lump-sum settlement of his claim for benefits. Lykoudis alleges that he deposited the check in an account at Palmetto National Bank. However, when he returned to the bank several years later, there was no money in his account and no record of the deposit.

Lykoudis contacted Bankers in an attempt to obtain a copy of the cancelled check to determine where, in fact, he had deposited the funds. Bankers informed him that it no longer had a copy of the check because of a seven-year document retention policy. Later, in 2004, Bankers informed Lykoudis that it would obtain his file from another company. However, this never

happened. In a June 2, 2005 letter, Bankers informed Lykoudis that its files were destroyed after ten to twelve years and therefore his file was no longer available.

On February 21, 2007, Bankers sent a letter to the State of Connecticut Insurance Department in response to an apparent complaint by Lykoudis. The letter, which Lykoudis attached to a supplement to his complaint (Dkt. 11) and to his response to the motion to dismiss (Dkt. 9), states:

> While the name Savvas Lykoudis does not appear in Florida unclaimed property listings, I note that it does appear in the unclaimed property listings for the state of Connecticut. Mr. Lykoudis should consider checking further with your state's unclaimed property division. Perhaps he transferred his funds to a Connecticut financial institution from the Florida bank.

Lykoudis, proceeding *pro se*, commenced this action against Bankers. His complaint, while not a model of clarity, appears to allege a claim for fraud. Bankers moved to dismiss, arguing that Lykoudis's claim is barred by the statute of limitations and, in any event, fails to state a cause of action. Although Lykoudis responded in opposition, he did not address the statute of limitations argument and did not offer any argument to show how the representations constituted actionable fraud. The Court agrees with Bankers that the complaint is due to be dismissed.

**Standard**

Fed. R. Civ. P. 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed allegations are not required, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## Discussion

Lykoudis's fraud claim appears to be based on four representations. First, Lykoudis contends that in 2004, Bankers falsely represented that it would obtain his file from another company. Second, Lykoudis "believe[s] [he is] being deceived" because, at one point, Bankers informed him that its document retention policy was seven years, but later, in a June 2005 letter, he was informed that Bankers's files were destroyed after ten to twelve years. (Dkt. 2, Compl. at 2). Third, Lykoudis alleges that in 1978 Bankers falsely claimed that he had visited a particular doctor thirty times. Finally, Lykoudis contends that the statement in Bankers's February 21, 2007 letter that he may have transferred the funds to a Connecticut bank was "a lie." (*Id.*).

The first three representations fail to support a timely fraud claim. Under Fla. Stat. § 95.11(3)(j), any action for fraud must be commenced within four years. This period begins to run "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . ." Fla. Stat. § 95.031(2)(a). The complaint shows that Lykoudis was aware of any falsity associated with the first two representations by 2005. And he was aware that the third representation was false at the time it was made in 1978. Because Lykoudis filed his complaint on February 18, 2011, his claim for fraud based on the first three representations is untimely.

The only representation which would support a timely fraud claim appears in the February 21, 2007 letter. That representation, however, does not constitute actionable fraud. A claim for fraud requires: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (quotation and emphasis omitted). The complaint lacks any allegations

3

demonstrating the fourth element. Specifically, Lykoudis has not alleged that he took any actions in reliance on the statement that he may have transferred the funds to a Connecticut bank. Nor has he alleged that he suffered any injury as a result of those actions. This is fatal to his claim for fraud.[1]

## Conclusion

Accordingly, Defendant's motion to dismiss (Dkt. 4) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice.[2] Plaintiff is granted leave to file an amended complaint by July 1, 2011. Failure to file an amended complaint by July 1, 2011 will result in the dismissal of this case for lack of prosecution.

**DONE AND ORDERED** this 16th day of June 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties

---

[1] The first three representations likewise fail to constitute actionable fraud because Lykoudis has not alleged that he took any actions in reliance on the statements which caused him to suffer injury.

[2] Bankers also argued that Lykoudis failed to state a cause of action for breach of contract. It does not appear to the Court that Lykoudis was attempting to state a claim for breach of contract. In any event, the Court agrees with Bankers that any alleged breach involving the 1991 disability benefits payment would be barred by the statute of limitations. *See* Fla. Stat. § 95.11(2)(b). Further, Lykoudis has not pointed to any provision in the insurance contract which would require Bankers to retain a copy of his cancelled check for a period greater than seven years.